FILED
U.S. DISTRICT COURT

2009 AUG 10  A 10: 59

DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT WING, as Receiver for VESCOR CAPITAL CORP., a Nevada corporation, et al., <br><br> Plaintiff, <br><br> vs. <br><br> BRAD B. KENDRICK, an individual, AMY C. KENDRICK, an individual, and ABDF, LLC, a Nevada limited liability company <br><br> Defendants. | ORDER <br><br><br><br><br> Case No. 2:08-cv-1002 |

Defendants Brad B. Kendrick, Amy C. Kendrick, and ABDF, LLC (the "Kendricks) have requested this Court to reconsider its denial of their motion to dismiss pursuant to Rule 12(b)(6) in light the United States Supreme Court's recent decision in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). The Court held a hearing covering this motion on Wednesday, July 29, 2009, at which the Kendricks were represented by Mark R. Gaylord and Melanie Vartabedian. The Receiver, Robert G. Wing, was present and represented by M. David Eckersly. After review and consideration of the briefs submitted by the parties, the Court enters the following Memorandum Decision and Order.

On May 14, 2009, this Court issued an Order denying the Kendricks' motion to dismiss

(dkt. 18). The Court rejected the Kendricks' argument that the Receiver's complaint fails to adequately plead the fraudulent transfer claims and found that the complaint met the pleading standard set out by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court found that the Complaint sufficiently pleaded the existence of a Ponzi scheme, and that the fraudulent intent required to make out a fraudulent transfer claim could therefore be inferred. Order, at 4-5.

Four days after this Court entered its order denying the Kendricks' motion to dismiss, the United States Supreme Court decided *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). However, as both sides readily admit, *Iqbal* merely restates the standard already announced in *Twombly*. Kendrick Reply, at 3. Dkt. 27 (July 8, 2009) ("[T]he new standard announced in *Iqbal* had been previously used in *Twombly*"); Receiver Opposition, at 2, dkt. 26 (June 23, 2009) ("[*Iqbal*] merely adopts, harmonizes and applies the reasoning of *Twombly*"). *Iqbal*'s limited novelty lies in its express rejection of the theory that *Twombly* applied only in the context of antitrust disputes. *Iqbal*, 129 S.Ct. at 1953.

Nevertheless, the Kendricks assert that this minor extension of *Twombly* is a sufficient change in the controlling law to justify reconsideration of this Court's prior order. Under Tenth Circuit precedent, there are only three grounds warranting a motion to reconsider: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). By contrast, a motion to reconsider is not an appropriate vehicle for revisiting arguments already addressed in prior briefing. *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

The Kendricks argue that *Iqbal* represents an intervening change in the controlling law because it expressly applies the *Twombly* standard to "all cases." Kendrick Reply, at 3. This argument would certainly carry substantial weight if this Court had refused to apply the *Twombly* standard in its prior order on the grounds that *Twombly* only applied in the antitrust setting. The order, however, both applied the *Twombly* standard and cited Tenth Circuit precedent interpreting *Twombly* in a manner consistent with the Supreme Court's eventual ruling in *Iqbal*. Order, at 3. Under the present facts, the *Iqbal* decision cannot serve as an "intervening change in the controlling law" sufficient to warrant granting the Kendricks' motion to reconsider. Accordingly, the Kendricks' motion to reconsider is DENIED.

IT IS SO ORDERED.

Dated this ___ of August, 2009.

Dee Benson
United States District Judge